**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

KAWS INC. and KAWS STUDIO L.P.,

Plaintiffs,

v.

THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT,

Defendants.

Case No.: 1:26-cv-03010-DLC

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT**

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ..... ii

I. INTRODUCTION AND SUMMARY OF ARGUMENT ..... 1

II. RELEVANT FACTS ..... 2

III. ARGUMENT ..... 3

A. Jurisdiction and Venue Are Proper in This Court. ..... 3

B. KAWS Have Met the Requirements for Entry of Default. ..... 4

C. Plaintiffs Have Met the Requirements for Entry of Default Judgment. ..... 4

1. Copyright Infringement ..... 5

2. Trademark Infringement and Counterfeiting ..... 6

3. False Designation of Origin ..... 6

D. KAWS Are Entitled to Monetary Damages and Injunctive Relief. ..... 7

1. Statutory Damages Are Appropriate in This Case. ..... 7

2. Defaulting Defendants' Counterfeiting Was Willful. ..... 9

3. A High Statutory Damages Award Is Appropriate and Just. ..... 10

4. KAWS Are Entitled to Injunctive Relief. ..... 12

IV. CONCLUSION ..... 12

# TABLE OF AUTHORITIES

**Cases** Page(s)

*All-Star Mktg. Grp., LLC v. Media Brands Co.*,
775 F. Supp. 2d 613 (S.D.N.Y. 2011) .................... 9

*Am. Fruit & Vegetable Co. v. Ithaca Produce, Inc.*,
848 F. Supp. 2d 375 (W.D.N.Y. 2011) .................... 6

*BBK Tobacco & Foods, LLP v. Galaxy VI Corp.*,
408 F. Supp. 3d 508 (S.D.N.Y. 2019) .................... 5

*Burberry Ltd. v. Euro Moda, Inc.*,
No. 08-cv-5781 (CM) (AJP), 2009 WL 4432678 (S.D.N.Y. Dec. 4, 2009).................... 9

*Christian Dior Couture SA v. Xiaole Lin*,
744 F. Supp. 3d 312 (S.D.N.Y. 2024) .................... 8, 10

*Coach, Inc. v. Melendez*,
No. 10-cv-6178 (BSJ) (HBP), 2011 WL 4542971 (S.D.N.Y. Sept. 02, 2011).................... 8

*Coach, Inc. v. Ocean Point Gifts*,
No. 09-cv-4215 (JBS), 2010 WL 2521444 (D.N.J. June 14, 2010) .................... 10

*Enzerink v. Cranbury Overseas Ltd. Liab. Co.*,
No. 20-cv-292 (EK) (CLP), 2021 WL 1073575 (E.D.N.Y. Feb. 26, 2021) .................... 9

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*,
499 U.S. 340 (1991).................... 5

*First Tech. Capital, Inc. v. Airborne, Inc.*,
378 F. Supp. 3d 212 (W.D.N.Y. 2019) .................... 6

*Fitzgerald Publ'g Co. v. Baylor Publ'g Co.*,
807 F.2d 1110 (2d Cir. 1986) .................... 10

*Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*,
973 F.2d 155 (2nd Cir. 1992) .................... 4

*Gucci Am., Inc. v. Duty Free Apparel, Ltd.*,
315 F. Supp. 2d 511 (S.D.N.Y. 2004) .................... 8

*Guthrie Healthcare Sys. v. ContextMedia, Inc.*,
826 F.3d 27 (2nd Cir. 2016) .................... 5

*H-D U.S.A., LLC v. Sunfrog, LLC*,
311 F. Supp. 3d 1000 (E.D. Wis. 2018) .................... 7

*Juul Labs, Inc. v. EZ Deli Grocery Corp I*,
No. 21-cv-2615 (MKB) (VMS), 2022 WL 1085406 (E.D.N.Y. Feb. 10, 2022)..................... 8

*KAWS Inc. v. The Individuals, Corps., Ltd. Liab. Cos., P'ships, and Unincorporated Ass'ns Identified on Schedule A hereto*,
No. 23-cv-00415 (JPC) (S.D.N.Y. Aug. 7, 2023) ............................................................. 11

*KAWS Inc. v. The Individuals, Corps., Ltd. Liab. Cos., P'ships, and Unincorporated Ass'ns Identified on Schedule A hereto*,
No. 23-cv-03134 (LGS) (S.D.N.Y. Aug. 28, 2023) .......................................................... 11

*Montcalm Publ'g Corp. v. Ryan,*
807 F. Supp. 975 (S.D.N.Y. 1992)........................................................................................ 4

*Off-White LLC v. Adagio*,
No. 19-cv-676 (RA) (JLC), 2020 WL 1646673 (S.D.N.Y. Apr. 3, 2020) ...................... 10, 11

*Phillip Morris USA Inc. v. Marlboro Express*,
No. 03-cv-1161 (CPS), 2005 WL 2076921 (E.D.N.Y. Aug. 26, 2005) ............................... 11

*Salinger v. Colting*,
607 F.3d 68 (2nd Cir. 2010)................................................................................................ 12

*Salvatore Ferragamo S.p.A. v. Does 1-56*,
No. 18-cv-12069 (JPO), 2020 WL 774237 (S.D.N.Y. Feb. 18, 2020).................................. 6

*Sara Lee v. Bags of New York, Inc.*,
36 F. Supp. 2d 161 (S.D.N.Y. 1999) ...................................................................................... 8

*Spin Master Ltd. v. Alan Yuan's Store,*
325 F. Supp. 3d 413 (S.D.N.Y. 2018) ................................................................................ 5, 6

*U.S. Polo Ass'n, Inc. v. PRL USA Holdings, Inc.*,
800 F. Supp. 2d 515 (S.D.N.Y. 2011) .................................................................................. 12

*Zuru (Singapore) PTE., Ltd. v. The Individuals, Corps., Ltd. Liab. Cos., P'ships, and Unincorporated Ass'ns Identified on Schedule A hereto*,
No. 21-cv-08101 (DLC) (S.D.N.Y. Jan. 3, 2022) ............................................................. 11

**Statutes**

15 U.S.C. § 1114 ........................................................................................................... 4

15 U.S.C. § 1117 ........................................................................................... 7, 8, 9, 11

15 U.S.C. § 1125 ........................................................................................................ 4, 6

15 U.S.C.§ 1051 et seq............................................................................................... 3

17 U.S.C. § 101 et seq. ........ 3

17 U.S.C. § 501 ........ 4

17 U.S.C. § 504 ........ 7, 8, 11

28 U.S.C. § 1331 ........ 3

28 U.S.C. § 1338 ........ 3

28 U.S.C. § 1367 ........ 3

28 U.S.C. § 1391 ........ 3

**Rules**

C.P.L.R. § 302 ........ 3

Fed. R. Civ. P. 12 ........ 4

Fed. R. Civ. P. 4 ........ 3

Fed. R. Civ. P. 55 ........ 4

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiffs KAWS INC. and KAWS STUDIO L.P. (collectively, "KAWS") brought this action against the Defendants identified on Schedule A to the Complaint for promoting, advertising, marketing, distributing, offering for sale, and selling counterfeit products in connection with Plaintiffs' federally registered copyrights and trademarks (collectively, the "Counterfeit Products"), through various fully interactive commercial Internet websites operating under the online marketplace accounts listed in Schedule A to the Complaint (collectively, the "Defendant Internet Stores").

On April 17, 2026, the Court granted the Temporary Restraining Order, which gave KAWS permission to serve Defendants using the alternative methods of service under Fed R. Civ. P. 4(f)(3). ("TRO"). Dkt. No. 20. On May 15, 2026, the Court granted and entered the Preliminary Injunction Order. Dkt. No. 27.

The Court authorized KAWS to provide notice of these proceedings and perfect service of the Complaint to Defendants by electronically publishing a link to the Summons, Complaint, and the TRO on a website and by sending an email to any email addresses provided for Defendants by third parties that includes a link to said website and the Summons and Complaint. *See* Declaration of Christopher Tom (the "Tom Decl.") ¶ 6.

Since the entry of the TRO, the Defendants have received notice of this case and the filings in this case via (1) notices from the third-party platforms for which the Defendants maintain accounts, including Amazon, eBay, Etsy, Shein and Walmart, (2) email from Plaintiffs' counsel on May 6, 2026, and (3) publication on a website (http://kaws-cases.com/case-26-cv-03010.html) to which the Defendants were provided access upon service of the summons and notified that all relevant documents in the case would be published. Tom Decl. ¶¶ 6–8.

The remaining Defendants have failed to plead or otherwise defend this action within the allotted time in violation of Fed. R. Civ. P. 12(a)(1)(A). Tom Decl. ¶¶ 10–11. Accordingly, KAWS submit this memorandum in support of their Motion for Entry of Default and Default Judgment under Fed. R. Civ. P. 55 against the Defendants identified in Amended Schedule A. Amended Schedule A lists all of the Defendants in this case except for those voluntarily dismissed by KAWS (collectively, the "Defaulting Defendants").

## II. RELEVANT FACTS

Artist and designer Brian Donnelly has been creating images and sculptures based on his original characters since he began his career as a graffiti artist in the early 1990s. Through his imagination and creativity, Mr. Donnelly's work has exploded in popularity and today can be found in galleries, institutions, and private collections around the world. Mr. Donnelly sells his works under his pseudonym, KAWS. Mr. Donnelly's works have acquired national and worldwide fame and recognition because of their unique and novel designs. Dkt. 1 at ¶ 26.

KAWS INC. is the creator and KAWS STUDIO L.P. is the exclusive assignee of the KAWS copyrights, which are covered by U.S. Copyright Office Registration Nos. VA 2-180-272 and VA 2-182-652 (the "KAWS Copyrights"). *Id.* ¶ 22. KAWS INC. owns all rights in, and KAWS STUDIO L.P. is the exclusive licensee of the KAWS trademarks, which are covered by U.S. Trademark Registration Nos. 6,046,763; 6,047,656; 6,102,259; 6,116,823; 6,852,850; 6,102,260; and 6,997,015 (the "KAWS Trademarks," together with the KAWS Copyrights, the "KAWS Intellectual Property"). *Id.* ¶ 23. The KAWS Intellectual Property is and has been the subject of substantial and continuous marketing and promotion by KAWS in the industry and to consumers. *Id.* ¶ 33. The U.S. registrations for the KAWS Intellectual Property are valid, subsisting, and in full force and effect. *Id.* ¶ 2.

On information and belief, Defaulting Defendants are an interrelated group of counterfeiters working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell products bearing infringing and/or counterfeit versions of the KAWS Intellectual Property (the "Counterfeit Products") in the same transaction, occurrence, or series of transactions or occurrences. *Id.* ¶¶ 3–6. Defaulting Defendants conduct business throughout the United States, including within the State of New York and this Judicial District, through the operation of the fully interactive commercial websites and online marketplaces operating under the marketplace accounts (collectively, the "Defaulting Defendant Internet Stores") identified in the Amended Schedule A. *Id.* ¶ 40. Each Defaulting Defendant targets the United States, including New York, and has offered to sell, and on information and belief, has sold and continues to sell Counterfeit Products to consumers within the United States, including the State of New York. *Id.* ¶ 14.

## III. ARGUMENT

### A. Jurisdiction and Venue Are Proper in This Court.

This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C.§ 1051 et seq., the Copyright Laws of the United States, 17 U.S.C. § 101 et seq., and under 28 U.S.C. § 1338(a)-(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a). Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

This Court may properly exercise personal jurisdiction over Defaulting Defendants pursuant to C.P.L.R. § 302(a)(1) and C.P.L.R. § 302(a)(3), or, in the alternative, Fed. R. Civ. P. 4(k), because each of the Defaulting Defendants directly targets business activities toward consumers in New York and causes harm to Plaintiffs' business within this Judicial District. As detailed in the Complaint and in the Declaration of Gen Watanabe (the "Watanabe Decl."), Plaintiffs' investigation into Defendants confirms that the Defendant Internet Stores permit

Counterfeit Products to be sold and shipped to addresses in this Judicial District. *See* Dkt. 1 ¶ 17, Dkt. 11 ¶ 16. For that reason alone, this Court can exercise personal jurisdiction over each of the Defendants.

**B. KAWS Have Met the Requirements for Entry of Default.**

Pursuant to the Federal Rules of Civil Procedure, "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). On April 13, 2026, KAWS filed the Complaint alleging, among one other claim, federal copyright infringement, 17 U.S.C. § 501, trademark infringement and counterfeiting, 15 U.S.C. § 1114, and false designation of origin, 15 U.S.C. § 1125(a). Dkt. 1. As noted above, the Defaulting Defendants were properly served and received notice of this case and the filings in this case as ordered by the Court and, despite having been served with process, the Defaulting Defendants have ignored these proceedings and failed to plead or otherwise defend this action. Tom Decl. at ¶¶ 6–10. Accordingly, Plaintiffs ask for entry of default against the Defaulting Defendants.

**C. Plaintiffs Have Met the Requirements for Entry of Default Judgment.**

Rule 55(b)(2) of the Federal Rules of Civil Procedure provides for a court-ordered default judgment. A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each claim alleged in the complaint. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.,* 973 F.2d 155, 158 (2nd Cir. 1992). When the Court determines that a defendant is in default, the factual allegations of the complaint are taken as true and may not be challenged, and the defendants are liable as a matter of law as to each claim in the complaint. *Montcalm Publ'g Corp. v. Ryan,* 807 F. Supp. 975, 977 (S.D.N.Y. 1992).

More than twenty-one (21) days have passed since Defaulting Defendants were served, and no answer or other responsive pleading has been filed by any of the Defaulting Defendants identified in the Amended Schedule A. *See* Fed. R. Civ. P. 12(a)(1)(A). Accordingly, default judgment is appropriate and consistent with previous similar cases in front of this Court, and KAWS request an award of statutory damages for willful copyright infringement and willful trademark infringement against each of the Defaulting Defendants and a permanent injunction based on the unrefuted allegations in the Complaint and the evidentiary record which supported the issuance of the TRO.

1. Copyright Infringement

"To establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).

Here, KAWS owns all exclusive rights in the KAWS Copyrights. Dkt. No. 1 at ¶22. Additionally, Defendants have sold, offered to sell, marketed, distributed, and advertised, and are still selling, offering to sell, marketing, distributing, and advertising Counterfeit Products that embody the entirety of the KAWS Copyrights without KAWS' permission. Dkt. No. 1 at ¶ 52. Defendants have directly copied the KAWS Copyrights or, alternatively, Defendants' Counterfeit Products bear imitations of the KAWS Copyrights in the Defendant Internet Stores that are strikingly similar or at the very least substantially similar to the KAWS Copyrights and constitute unauthorized copying, reproduction, distribution, creation of a derivative work, and/or public display of the KAWS Copyrights. *Id.* ¶ 61.

2. Trademark Infringement and Counterfeiting

To properly plead a claim of trademark infringement and counterfeiting pursuant to the Lanham Act, a plaintiff must allege that (1) the plaintiff's mark is entitled to protection and (2) defendant's use of the mark is likely to cause confusion. *Guthrie Healthcare Sys. v. ContextMedia, Inc.,* 826 F.3d 27, 37 (2nd Cir. 2016); *Spin Master Ltd. v. Alan Yuan's Store,* 325 F. Supp. 3d 413, 420 (S.D.N.Y. 2018); *BBK Tobacco & Foods, LLP v. Galaxy VI Corp*., 408 F. Supp. 3d 508, 520 (S.D.N.Y. 2019).

KAWS alleged in the Complaint that the KAWS Trademarks are highly distinctive, that Defaulting Defendants have knowledge of KAWS' rights in the KAWS Trademarks, that Defaulting Defendants are not authorized to use the KAWS Trademarks, and that Defaulting Defendants' use of the KAWS Trademarks causes a likelihood of confusion. Dkt. No. 1 at ¶¶ 73–76. Since the Defaulting Defendants have failed to respond or otherwise plead in this matter, "the Court will accept as true the allegations of the complaint that establish the defaulting [defendant's] liability." *First Tech. Capital, Inc. v. Airborne, Inc.,* 378 F. Supp. 3d 212, 217 (W.D.N.Y. 2019) (*quoting Am. Fruit & Vegetable Co. v. Ithaca Produce, Inc.,* 848 F. Supp. 2d 375, 377 (W.D.N.Y. 2011)). Accordingly, KAWS request entry of judgment with respect to their willful trademark infringement and counterfeiting claim against the Defaulting Defendants.

3. False Designation of Origin

A plaintiff bringing a false designation of origin claim under 15 U.S.C. § 1125(a) must show that: (1) the plaintiff has a valid, protectable trademark; and (2) a likelihood of confusion will exist as to the origin of Plaintiff's products. *Salvatore Ferragamo S.p.A. v. Does 1-56*, No. 18-cv-12069 (JPO), 2020 WL 774237, at *2 (S.D.N.Y. Feb. 18, 2020). This is the same test used for a trademark infringement claim under the Lanham Act. *See Spin Master,* 325 F. Supp. 3d at 423.

KAWS alleged in the Complaint that Defaulting Defendants are using the federally registered KAWS Trademarks without authorization on the Counterfeit Products. This creates a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with KAWS or the origin, sponsorship, or approval of Defaulting Defendants' Counterfeit Products by KAWS. *See* Dkt. No. 1 at ¶¶ 80–82. As a result, KAWS request entry of judgment with respect to their willful false designation of origin claim against the Defaulting Defendants.

**D. KAWS Are Entitled to Monetary Damages and Injunctive Relief.**

The awarding of statutory damages "serves dual interests in that it is remedial in nature but also intended to protect an important public interest in deterring counterfeiting." *H-D U.S.A., LLC v. Sunfrog, LLC*, 311 F. Supp. 3d 1000, 1046 (E.D. Wis. 2018) (internal citations and quotations omitted). Given the broader economic losses and harm to the job market caused by counterfeiting, coupled with the possible dangers to consumers who are tricked into purchasing low quality, counterfeit products over the Internet, it is important to penalize defendants to deter future violations. Here, KAWS advertises throughout the world and spend considerable resources marketing and protecting their various intellectual property rights and associated products, particularly the KAWS Intellectual Property with respect to the genuine KAWS products.

1. <u>Statutory Damages Are Appropriate in This Case.</u>

Pursuant to the statutory damages provision of the Copyright Act, 17 U.S.C. § 504(c), a plaintiff may elect to receive, per work, "not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). When the infringement is found to be willful, the Copyright Act provides for statutory damages of up to "not more than $150,000." 17 U.S.C. § 504(c)(2).

Pursuant to the statutory damages provision of the Lanham Act, a plaintiff in a case involving the use of a counterfeit mark may elect to receive "not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." 15 U.S.C. § 1117(c)(1). When the counterfeiting is found to be willful, the Lanham Act provides for statutory damages of up to "$2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." 15 U.S.C.§ 1117(c)(2).

Although 15 U.S.C. § 1117(c) contains the dollar range for possible statutory damage awards, the only guidance provided by the statute for how to determine a damage award within the statutory dollar range is "as the court considers just." 15 U.S.C. § 1117(c). Courts interpreting 15 U.S.C. § 1117(c) have analogized case law applying the statutory damage provision of the Copyright Act contained in 17 U.S.C. § 504(c). *See Sara Lee v. Bags of New York, Inc.*, 36 F. Supp. 2d 161, 166 (S.D.N.Y. 1999). In *Sara Lee*, the court awarded statutory damages in the amount of $750,000 after estimating the defendants' ill-gotten gains and trebling them to "deter and punish a willful continuous course of infringements and defiance of the judicial process." *Id.* The *Sara Lee* analysis included seven factors: (1) the profits made by the defendants; (2) the revenues lost by plaintiff; (3) the value of the mark; (4) the deterrent effect on others; (5) whether the conduct was innocent or willful; (6) whether a defendant has cooperated in providing records; and (7) the deterrent effect on the defendant. *Id.*; *see also Christian Dior Couture SA v. Xiaole Lin*, 744 F. Supp. 3d 312, 316 (S.D.N.Y. 2024).

The statutory damages provision of the Lanham Act was enacted in acknowledgement of the fact that information regarding counterfeiters' profits is almost impossible to ascertain. *Juul Labs, Inc. v. EZ Deli Grocery Corp I*, No. 21-cv-2615 (MKB) (VMS), 2022 WL 1085406, at *8

(E.D.N.Y. Feb. 10, 2022) (citing *Gucci Am., Inc. v. Duty Free Apparel, Ltd.*, 315 F. Supp. 2d 511, 520 (S.D.N.Y. 2004)). Accordingly, the lack of information regarding Defaulting Defendants' sales and profits makes statutory damages particularly appropriate for default cases like the instant case. *Coach, Inc. v. Melendez*, No. 10-cv-6178 (BSJ) (HBP), 2011 WL 4542971, at *7 (S.D.N.Y. Sept. 02, 2011). Likewise, Courts have recognized that statutory damages can be awarded without requiring an evidentiary hearing. *See Enzerink v. Cranbury Overseas Ltd. Liab. Co.*, No. 20-cv-292 (EK) (CLP), 2021 WL 1073575, at *4 (E.D.N.Y. Feb. 26, 2021).

2. <u>Defaulting Defendants' Counterfeiting Was Willful.</u>

Defaulting Defendants facilitate sales by designing the Defaulting Defendant Internet Stores so that they appear to unknowing consumers to be authorized online sellers of genuine products. Dkt. No. 1 at ¶ 42. Pursuant to 15 U.S.C. § 1117(e), a counterfeiting violation is presumed willful "for purposes of determining relief if the violator . . . knowingly provided . . . materially false contact information to a domain name registrar . . . ." 15 U.S.C. § 1117(e). Many of the Defaulting Defendants' names and physical addresses used to register the Defaulting Defendant Internet Stores are incomplete, contain randomly typed letters, or fail to include cities or states. Dkt. No. 1 at ¶ 45. Thus, willfulness is presumed in the instant case under 15 U.S.C. § 1117(e).

Even without the statutory presumption, it is clear that Defaulting Defendants' counterfeiting was willful. "Infringement is willful when the defendant had knowledge that [his] conduct represented infringement or perhaps recklessly disregarded the possibility." *Burberry Ltd. v. Euro Moda, Inc.*, No. 08-cv-5781 (CM) (AJP), 2009 WL 4432678, at *3 (S.D.N.Y. Dec. 4, 2009) (internal quotations and citation omitted). Indeed, willfulness may be established by a

defendant's default. *All-Star Mktg. Grp., LLC v. Media Brands Co.*, 775 F. Supp. 2d 613, 621 (S.D.N.Y. 2011) (citing cases). Accordingly, Defaulting Defendants' infringement is willful.

3. <u>A High Statutory Damages Award Is Appropriate and Just.</u>

Courts in this district have wide discretion in setting the statutory damage award, including consideration of the following seven factors:

> "(1) the expenses saved and the profits reaped; (2) the revenues lost by the plaintiff; (3) the value of the copyright; (4) the deterrent effect on others besides the defendant; (5) whether the defendant's conduct was innocent or willful; (6) whether a defendant has cooperated in providing particular records from which to assess the value of the infringing material produced; and (7) the potential for discouraging the defendant."

*Christian Dior Couture*, 744 F. Supp. 3d at 316 (applying seven factor test to trademark infringement claim); *see also Fitzgerald Publ'g Co. v. Baylor Publ'g Co.*, 807 F.2d 1110, 1117 (2d Cir. 1986) (applying same test to copyright infringement claim). Courts in this district have also considered the significant value of a plaintiff's brand and the efforts taken to protect, promote and enhance that brand in determining the appropriate dollar figure for the award. *See e.g., Off-White LLC v. Adagio*, No. 19-cv-676 (RA) (JLC), 2020 WL 1646673, at *7 (S.D.N.Y. Apr. 3, 2020) (report and recommendation adopted as modified by 2020 WL 3050383 (S.D.N.Y. June 8, 2020)).

In addition, courts have awarded high damage amounts where a defendant's counterfeiting activities attracted wide market exposure through Internet traffic or advertisement. *Id.* ("[t]he need to deter other counterfeiters is particularly compelling given the apparent extent of counterfeit activity"); *see also Coach, Inc. v. Ocean Point Gifts*, No. 09-cv-4215 (JBS), 2010 WL 2521444, at *6 (D.N.J. June 14, 2010) (high damage awards in counterfeit cases were "due in part to the wide market exposure that the Internet can provide").

Additionally, the remedy imposed under the statute must provide a sufficient deterrent effect to ensure that the guilty party will not engage in further infringing conduct. *Off-White,* 2020 WL 1646673 at *7 ("A substantial award is necessary to discourage the Defaulting Defendants from continuing to engage in their illicit conduct."). For example, in *Phillip Morris USA Inc. v. Marlboro Express*, the Court stated that due to "the size of the potential profit given the quantities of [counterfeit goods] involved, and the need for a substantial deterrent to future misconduct by defendants and other counterfeit traffickers . . . plaintiff is entitled to the maximum statutory award under 15 U.S.C. § 1117(c)(2)." *Phillip Morris USA Inc. v. Marlboro Express*, No. 03-cv-1161 (CPS), 2005 WL 2076921, at *6 (E.D.N.Y. Aug. 26, 2005).

Given the Court's clear discretion in determining the appropriate amount of the statutory damages award within the statutory limits of 15 U.S.C. § 1117(c) and 17 U.S.C. § 504(c), KAWS respectfully request an award of one hundred fifty thousand dollars ($150,000.00) per Defaulting Defendant for which KAWS have alleged a trademark or copyright claim. A damages award of $150,000 per Defaulting Defendant is consistent with recent awards in analogous cases in this District. *See, e.g.*, *KAWS Inc. v. The Individuals, Corps., Ltd. Liab. Cos., P'ships, and Unincorporated Ass'ns Identified on Schedule A hereto*, No. 23-cv-03134 (LGS) (S.D.N.Y. Aug. 28, 2023), Dkt. No. 68 (default judgment in counterfeiting case awarding statutory damages of $150,000 from each Defaulting Defendant); *KAWS Inc. v. The Individuals, Corps., Ltd. Liab. Cos., P'ships, and Unincorporated Ass'ns Identified on Schedule A hereto*, No. 23-cv-00415 (JPC) (S.D.N.Y. Aug. 7, 2023), Dkt. No. 86 (same); *Zuru (Singapore) PTE., Ltd. v. The Individuals, Corps., Ltd. Liab. Cos., P'ships, and Unincorporated Ass'ns Identified on Schedule A hereto*, No. 21-cv-08101 (DLC) (S.D.N.Y. Jan. 3, 2022), Dkt. No. 51 (same).

4. <u>KAWS Are Entitled to Injunctive Relief.</u>

In addition to the foregoing relief, KAWS respectfully requests entry of a permanent injunction enjoining Defaulting Defendants from infringing or otherwise violating the KAWS Intellectual Property, including at least all injunctive relief previously awarded by this Court to KAWS in the TRO and extended in the Preliminary Injunction Order. KAWS are also entitled to injunctive relief so they can quickly take action against any new websites and online marketplace accounts that are identified, found to be linked to Defaulting Defendants, and selling Counterfeit Products. *See Salinger v. Colting*, 607 F.3d 68, 77-78 (2nd Cir. 2010); *U.S. Polo Ass'n, Inc. v. PRL USA Holdings, Inc.*, 800 F. Supp. 2d 515, 539 (S.D.N.Y. 2011).

## IV. CONCLUSION

KAWS respectfully request that the Court enter default and default judgment against each Defaulting Defendant, award statutory damages in the amount of one hundred fifty thousand dollars ($150,000.00) per Defaulting Defendant, and enter a permanent injunction order prohibiting Defaulting Defendants from selling Counterfeit Products and transferring all assets in Defaulting Defendants' financial accounts to KAWS consistent with the Proposed Judgment submitted with this Motion.

Dated: June 23, 2026

Respectfully,

*/s/ Christopher Tom*

Christopher Tom
Boies Schiller Flexner LLP
55 Hudson Yards
New York, NY 10001
(212) 446-2300
ctom@bsfllp.com

*Attorney for Plaintiffs KAWS INC. and KAWS STUDIO L.P.*