**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KAWS INC. and KAWS STUDIO L.P.,<br><br>Plaintiffs,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT,<br>Defendants. | Case No.: 1:26-cv-03010-DLC |

**DECLARATION OF CHRISTOPHER TOM**

I, Christopher Tom, declare and state as follows:

1. This declaration is based upon my personal knowledge of the facts stated herein or on the business records that were made at the time or in the regular course of business. If called as a witness, I could and would testify to the statements made herein.

2. I am an attorney at law, duly admitted to practice before the United States District Court for the Southern District of New York. I represent Plaintiffs KAWS INC. and KAWS STUDIO L.P. in this action.

3. On April 13, 2026, Plaintiffs filed this action against the entities identified on the Schedule A, attached hereto as **Exhibit 1** (collectively, the "Defaulting Defendants"), asserting, among other things, trademark infringement, false designation of origin, and copyright infringement claims against Defaulting Defendants. A true copy of the Complaint is attached hereto as **Exhibit 2**.

4. Contemporaneous with the filing of the Complaint, Plaintiffs also filed an ex parte application against Defendants for entry of a temporary restraining order, among other relief (the "Application"). On April 17, 2026, the Court granted the Temporary Restraining Order ("TRO"). Dkt. No. 20. A true copy of the TRO is attached as **Exhibit 3**. On May 15, 2026, the Court granted and entered the Preliminary Injunction Order, which gave Plaintiffs permission to serve Defendants using the alternative methods of service under Fed R. Civ. P. 4(f)(3). Dkt. No. 27 ¶ 9. A true copy of the Preliminary Injunction Order is attached as **Exhibit 4**.

5. On April 28, 2026, the Clerk of this Court issued a Summons directing defendants to serve upon Plaintiffs' counsel an Answer to the Complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure ("Rule 12 Motion") within twenty-one (21) days after service of the Summons, and to also file its answer or Rule 12 Motion with the Court. Dkt. No. 26.

6. On May 6, 2026, pursuant to the Order to Show Cause, Plaintiffs served the Defaulting Defendants with the Summons, Complaint, and TRO in accordance with the methods of alternative service authorized by the Court for certain defendants as reflected on the Proof of Service filed with the Court. Dkt. No. 26. A true copy of the Proof of Service filed with this Court is attached as **Exhibit 5**.

7. As a result, Defaulting Defendants should have filed their respective Answers or Rule 12 Motions on or before May 27, 2026.

8. More specifically, on May 6, 2026, Plaintiffs' attorney emailed the Summons, Complaint, and TRO to Defendants via the email addresses identified during the investigations of the claims and provided by the third-party platforms for which the Defendants maintain accounts—Amazon, eBay, Etsy, Shein and Walmart (collectively, the "Marketplace Platforms"). The email also included a link to a website (http://kaws-cases.com/case-26-cv-03010.html)

containing all relevant documents, including the Complaint and TRO, to be accessed by the Defendants. Attached as **Exhibit 6** hereto is a true and correct copy of the email to Defendants. Attached as **Exhibit 7** hereto is a true and correct copy of the service website.

9. Since service of the Summons, Complaint, and TRO, Plaintiffs' counsel has also corresponded with representatives of the Marketplace Platforms. These third-party Marketplace Platforms have specifically identified the Defendants' accounts (the "Defendant Internet Stores").

10. Despite service on Defendants via multiple methods, the Defaulting Defendants have neither served upon me or anyone else acting on Plaintiffs' behalf, nor filed with the Court, an Answer, a Rule 12 Motion or any other response to the Complaint on or before May 27, 2026.

11. Notably, certain defendants are not subject to default and are not included within the Defaulting Defendants because they have been voluntarily dismissed. These non-defaulting defendants are listed below (identified by the name and number referenced on the Schedule A to the Complaint):

| Doe | Defendant Seller | Defendant Online Marketplace |
|---|---|---|
| 10 | prime-rugs | https://www.ebay.com/usr/prime-rugs |
| 12 | The Modern Rug 2000 (themodernrug2000) | https://www.ebay.com/str/themodernrug2000 |
| 22 | AulettaLinsley | https://us.shein.com/store/home?store_code=4555765034 |
| 24 | bdafVS | https://us.shein.com/store/home?store_code=9788058448 |
| 35 | LIUWEIS SHOP | https://us.shein.com/store/home?store_code=8995648842 |
| 38 | MccurryGlasco | https://us.shein.com/store/home?store_code=9350210232 |
| 46 | Tihoora | https://us.shein.com/store/home?store_code=8799509851 |

12. We have investigated the infringing activities of the Defaulting Defendants. Our investigation confirmed that the Defaulting Defendants are domiciled mainly in China. Per our

investigation, I am informed and believe that the Defaulting Defendants are not infants, in the military, and/or incompetent individuals.

13. Since the Defaulting Defendants have failed to Answer or otherwise appear in this action, and the time for Defaulting Defendants to Answer or otherwise appear in this action has expired, Defaulting Defendants are in default.

14. Default Judgment is appropriate against the Defaulting Defendants, who are each individually responsible and liable for the infringing activities that have occurred in this action. Indeed, each Defaulting Defendant is subject to statutory damages, as more particularly described in the Memorandum of Law, submitted herewith.

15. None of the relief sought against each Defaulting Defendant requires adjudication of any other person or entity's rights or obligations.

16. On June 18, 2026, the Clerk of the Court filed a Clerk's Certificate of Default in this matter, a copy of which is attached as **Exhibit 8**.

17. Thus, Plaintiffs respectfully request that the Court enter Final Judgment of Default, in the form submitted herewith, against the Defaulting Defendants.

18. The legal bases for entry of Final Judgment of Default, including the basis for subject matter jurisdiction and damages are further set forth in the Memorandum of Law submitted herewith, which is incorporated herein by reference.

19. Attached as **Exhibit 9** hereto are true and correct copies of the default judgment orders referred to in Plaintiff's Memorandum – *KAWS Inc. v. The Individuals, et al.*, No. 23-cv-03134 (LGS) (S.D.N.Y. Aug. 28, 2023), Dkt. No. 68; *KAWS Inc. v. The Individuals, et al.*, No. 23-cv-00415 (JPC) (S.D.N.Y. Aug. 7, 2023), Dkt. No. 86; *Zuru (Singapore) PTE., Ltd. v. The Individuals, et al.*, No. 21-cv-08101 (DLC) (S.D.N.Y. Jan. 3, 2022), Dkt. No. 51.

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 23, 2026 in Cranford, New Jersey.

*/s/ Christopher Tom*
Christopher Tom